UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KENNETH RUFF**           :           CIVIL ACTION  NO. 2:14-cv-814
    BOP#54651-004                           SECTION P

**VERSUS**                 :           JUDGE MINALDI

**CHARLES MAIORANA**       :           MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the court is a *pro se* petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Kenneth Ruff (hereinafter "Ruff"), an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

On June 25, 2007, Ruff pled guilty to four counts of a six count indictment related to a federal drug offense. Doc. 1, att. 2, p. 15. On September 20, 2007, the U.S. District Court for the Southern District of Florida sentenced him to serve a total of two hundred twenty-eight months incarceration. Doc. 1, att. 2, p. 56. Of the total months sentenced, one hundred sixty-eight were concurrent and imposed for Counts 3, 4, and 6 and sixty were consecutive and imposed for Count 5. *Id*. Thereafter, Ruff filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his

sentence. *Id.* at pg. 23-45. The motion was opposed and all filings related thereto were apparently received by the Eleventh Circuit Court of Appeals but the record does not indicate whether or how that court ruled on the motion. *Id.* at p. 84.

Ruff has now filed the instant *habeas corpus* petition claiming that his sentence exceeds the statutory maximum because he was sentenced as an "armed career criminal" despite qualifying for the lesser status of simply a "career offender." Doc. 1, att. 1, p. 8. Accordingly, he seeks relief from the sentence imposed on grounds that its imposition was illegal. Doc. 1, att. 1, pp. 6-8.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks his incarceration asserting errors with respect to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 Motion to Vacate.

Nonetheless, federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the "savings clause" under § 2255. *Reyes-Requena, supra.* The "savings clause" provides that a federal convict may file a *habeas* petition under § 2241 if his or her remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision

which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time it should have been raised in his trial, appeal, or first motion under § 2255. *Reyes-Requena*, 243 F.3d at 904.

The burden rests on the petitioner to demonstrate that his or her remedy under § 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make a remedy under § 2255 inadequate or ineffective. *Id.*

Here, Ruff does not satisfy the criteria set forth above. As discussed, he argues that his sentence was wrongfully enhanced because he was illegally sentenced as an armed career criminal rather than a career offender. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Consequently, he is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and thus he may not avail himself of § 2241 relief in this case. In sum, he has failed to show that his remedies are ineffective and inadequate under 28 U.S.C. § 2255. Therefore, the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 must be dismissed for lack of jurisdiction. See *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III.
#### CONCLUSION

Since Ruff has not met the savings clause requirements, his claims are not properly brought under section 2241, and this court lacks jurisdiction to consider his claims under section 2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C.

§ 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 13th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE